Bttllakd, J.
delivered the opinion of the court.
This case turned in the court below, upon the insufficiency of the-affidavit npsn which the injunction was granted on a motion to dissolve it on that and several other grounds. The plaintiff made oath “that all the material allegations in the foregoing petition are just and true; that he obtained the judgment aforesaid, against Morgan & Oarlin and Babcock; that the note [462] was renewed and that Oharles Gardiner brought suit on it, and obtained a judgment, and that subsequently this affiant had it levied on and at the sheriff’s sale bought it, and that the sheriff’ has property under seizure, and will proceed to make the money, and pay it over to the said Oharles Gardiner, unless enjoined, &c., and that the facts are such as in the opinion of the affiant authorize the issuing of the injunction.”
The first and last clauses of this affidavit, to ivitpihat. the mat&i'ial facts *280 are true, and that they are such as in the opinion of the affiant rendex an injunction proper, are clearly insufficient. The materiality of the facts, and their insufficiency to authorize an injunction, are matters of law. 5 La. Rep. 246.
The other facts sworn to, do not appear to us sufficient to authorize the issuing of the injunction. It does not appear that the judgment in execution of which the property of Gardiner, to wit, his judgment on the renewed note, was seized against Gardiner; if it was not, Gardiner’s property did not pass by the sheriff’s sale, and the fraudulent character of the contract by which he became possessed of the note cannot be inquired into, commencing with an execution. The party had his regular revocatory action to set aside those contracts and transactions of which he complains, and especially the last, by which it is alleged, the note was renewed and suit brought upon it in the name of Gardiner; nor does it appear by the affidavit, that Gardiner was a party to the suit brought against Morgan & Carlin and Babcock, which it is alleged resulted in the judgment against the latter to deliver up the note in question.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.